People v Cromwell (2024 NY Slip Op 03934)

People v Cromwell

2024 NY Slip Op 03934

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

296 KA 22-01945

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NAOMI CROMWELL, DEFENDANT-APPELLANT. 

NATHANIEL L. BARONE, II, PUBLIC DEFENDER, MAYVILLE (HEATHER BURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (MICHAEL J. PISKO OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Chautauqua County Court (David W. Foley, J.), entered November 23, 2022. The order, insofar as appealed from, designated defendant a sexually violent offender pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the designation of defendant as a sexually violent offender is vacated.
Memorandum: In this proceeding under the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant appeals from an order insofar as it designated her a sexually violent offender. Defendant was previously convicted in North Carolina upon her guilty plea of sexual activity by a substitute parent under the theory of aiding and abetting, a felony offense (former NC Gen Stat
§ 14-27.7 [a]). The conviction required her to register as a sex offender in that state. After defendant moved to New York, the Board of Examiners of Sex Offenders (Board) determined that she was required to register as a sex offender in New York pursuant to Correction Law
§ 168-k (2). The Board prepared a Risk Assessment Instrument (RAI) and classified defendant as a presumptive level one risk. The Board recommended that no points be assessed under risk factor 1 for use of violence and that defendant not be designated a sexually violent offender. The People provided a departure statement contending that County Court should designate defendant a sexually violent offender pursuant to Correction Law § 168-a (3) (b), which defines a sexually violent offense as including a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred." The People contended that because defendant was convicted of a felony in North Carolina for which she was required to register as a sex offender in that state, she qualifies for designation as a sexually violent offender in New York. Defendant opposed designation as a sexually violent offender, contending, inter alia, that Correction Law § 168-a (3) (b) is unconstitutional—both facially and as applied to her—under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. After a hearing, the court determined that defendant is a level one risk and designated her a sexually violent offender. We now reverse the order insofar as appealed from and vacate the sexually violent offender designation.
We agree with defendant that the foreign registration clause of Correction Law § 168-a (3) (b) does not withstand constitutional scrutiny as applied to her. Initially, we agree with the People that, although a sexually violent offender designation affects a "liberty interest . . . [that] is substantial" (People v David W., 95 NY2d 130, 137 [2000]) because it "imposes a stigma that broadly impacts a defendant's life and ability to participate in society" (People v Brown, 41 NY3d 279, 290 [2023]), "[t]he right not to have a misleading label attached to one's serious crime is not fundamental in [the constitutional] sense" (People v Knox, 12 NY3d 60, 67 [2009]; see Brown, 41 NY3d at 295 n 8). As a result, defendant's "constitutional claims [are] subject to [*2]deferential rational basis review" (Brown, 41 NY3d at 285, citing Knox, 12 NY3d at 67). That standard of review "is not a demanding" test, but rather "is the most relaxed and tolerant form of judicial scrutiny" (Myers v Schneiderman, 30 NY3d 1, 15 [2017], rearg denied 30 NY3d 1009 [2017] [internal quotation marks omitted]).
Here, defendant established that the People never disputed the nonviolent nature of the sex offense of which defendant was convicted in North Carolina and neither the Board nor the People requested that points be assessed under risk factor 1 for use of violence. Moreover, in support of their position that defendant be designated as a sexually violent offender, the People never argued that the sex offense was the statutory equivalent of a sexually violent offense in New York (see Correction Law § 168-a [3] [b]). In short, the sole reason put forward by the People for seeking the "sexually violent" designation was the operation of the challenged statute.
We reject the People's contention that there is a rational basis for defendant's designation—that she was convicted of a registerable sexual felony outside New York, and New York has an interest in protecting the public at large from sex offenders. We agree with the plurality in People v Malloy (— AD3d &mdash, 2024 NY Slip Op 03264 [4th Dept 2024]) that the statutory purpose cited by the People is already met by requiring defendant to register as a sex offender and that mislabeling her as a sexually violent offender is not rationally related to any legitimate governmental interest (see Malloy, — AD3d at &mdash, 2024 NY Slip Op 03264, *2).
We have considered defendant's remaining challenges to the foreign registration clause of Correction Law § 168-a (3) (b), namely her challenge to the facial constitutionality of the provision under the Due Process Clause and her challenge pursuant to the Privileges
and Immunities Clause, and conclude that they lack merit (see Malloy, — AD3d at &mdash, 2024 NY Slip Op 03264, *2).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court